IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| CECELIA WILKINSON | § | PLAINTIFF |
| | § | |
| v. | § | CIVIL NO.: 1:15cv418-HSO-MTP |
| | § | |
| CAROLYN W. COLVIN | § | DEFENDANT |

**MEMORANDUM OPINION AND ORDER OVERRULING PLAINTIFF
CECELIA WILKINSON'S OBJECTION [15], ADOPTING THE MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION [13], AND AFFIRMING THE
DECISION OF THE COMMISSIONER**

BEFORE THE COURT is the Objection [15] filed by Plaintiff Cecelia

Wilkinson ("Plaintiff") to the Report and Recommendation [13] of United States

Magistrate Judge Michael T. Parker.  After reviewing the record and relevant legal

authority, the Court finds that Plaintiff's Objection [15] should be overruled, that

the Magistrate Judge's Report and Recommendation [13] should be adopted in its

entirety as the finding of the Court, and that the decision of Defendant Carolyn W.

Colvin, Acting Commissioner of Social Security ("Defendant" or "Commissioner"),

denying disability benefits should be affirmed.

## I. BACKGROUND

Plaintiff was born in 1964, has a high school education, and has relevant

work experience as a slot machine technician, casino security personnel, and

restaurant cook.  Pl.'s Br. [11] at 2.  She has a history of back pain and lumbar disc

displacement.  *Id.* at 3.  Plaintiff alleges disability due to a dehydrated spinal disc at

L1, bulging discs at L3 and L5, and arthritis at L5-S1.  *Id.* at 2.

On April 16, 2013, Plaintiff filed an application for Social Security disability insurance benefits, claiming that her disability began on September 12, 2012. Report and Recommendation [13] at 1.  The Social Security Administration initially denied Plaintiff's application on June 10, 2013, and thereafter upheld the decision upon a request for reconsideration on June 17, 2013.  R. [10] at 76-77.  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") to review the decision, and on July 10, 2014, Plaintiff and a vocational expert testified at a video hearing before the ALJ.  *Id.* at 38-68.  The ALJ issued a decision on September 26, 2014, concluding from the entire record that Plaintiff has the residual functional capacity to perform light work and is not disabled.  *Id.* at 22-33.

Plaintiff sought review of the ALJ's decision before the Appeals Council, which denied the request for review on November 4, 2015.  *Id.* at 4-7.  Plaintiff filed this civil action on December 18, 2015, seeking a reversal of the decision to deny disability benefits, an order granting disability benefits commencing on September 12, 2012, and an award of attorneys' fees.  Compl. [1] at 3.

Following briefing by the parties, the Magistrate Judge issued a Report and Recommendation [13] that the decision of the Commissioner should be affirmed. Plaintiff filed an Objection [15], and Defendant filed a Response [16] urging the Court to adopt the Magistrate Judge's Report and Recommendation [13] and affirm the denial of disability benefits.

## II. ANALYSIS

A.   Standard of Review

Because Plaintiff has filed an Objection [15] to the Magistrate Judge's Report and Recommendation [13], this Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (a party filing a written objection is "entitled to a de novo review by an Article III Judge as to those issues to which an objection is made"). In reviewing the decision, the Court "considers only whether the Commissioner applied the proper legal standards and whether substantial evidence in the record supports [the] decision." *Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012).

"Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992). "A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000). Under this standard, a court cannot "re-weigh the evidence or substitute [its] judgment for that of the Commissioner." *Id.*

To the extent that a party does not object to portions of a magistrate judge's report and recommendation, the Court need not conduct a de novo review of the recommendation. *See* 28 U.S.C. § 636(b)(1). In such cases, the Court need only review the report and recommendation and determine whether it is either clearly

erroneous or contrary to law.  *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.

1989).

B.    Standard for Entitlement to Social Security Benefits

The United States Court of Appeals for the Fifth Circuit has explained that

> to qualify for disability insurance benefits . . . a claimant must suffer
> from a disability.  *See* 42 U.S.C. § 423(d)(1)(A).  The Social Security Act
> defines a disability as a "medically determinable physical or mental
> impairment lasting at least twelve months that prevents the claimant
> from engaging in substantial gainful activity."  *Masterson v. Barnhart*,
> 309 F.3d 267, 271 (5th Cir. 2002); *see also* 42 U.S.C. § 423(d)(1)(A).  The
> Commissioner typically uses a sequential five-step process to determine
> whether a claimant is disabled within the meaning of the Social Security
> Act.  20 C.F.R. § 404.1520; *see also Waters v. Barnhart*, 276 F.3d 716,
> 718 (5th Cir. 2002).

*Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014).  The Fifth Circuit has

described the five-step analysis as follows:

> First, the claimant must not be presently working.  Second, a claimant
> must establish that he has an impairment or combination of
> impairments which significantly limit his physical or mental ability to
> do basic work activities.  Third, to secure a finding of disability without
> consideration of age, education, and work experience, a claimant must
> establish that his impairment meets or equals an impairment
> enumerated in the listing of impairments in the appendix to the
> regulations.  Fourth, a claimant must establish that his impairment
> prevents him from doing past relevant work.  Finally, the burden shifts
> to the [Commissioner] to establish that the claimant can perform
> relevant work.  If the [Commissioner] meets this burden, the claimant
> must then prove that he cannot in fact perform the work suggested.

*Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991) (internal citations and quotation

omitted).  A claimant bears the burden of proof with respect to the first four steps of

the inquiry.  *Id*.

4

C.   <u>The Administrative Law Judge's Decision</u>

After conducting the five-step analysis, the ALJ issued an adverse decision that Plaintiff was not disabled within the meaning of the Social Security Act. R. [10] at 22-33.  First, the ALJ found that Plaintiff had not engaged in substantial gainful activity after the alleged onset date of September 12, 2012.  *Id*. at 24. Although Plaintiff participated in a work experience program through the United States Department of Veterans Affairs and worked briefly for the American Legion after the alleged onset of her disability, the short duration and modest earnings of both positions did not rise to the level of substantial gainful activity.  *Id*.  However, the ALJ noted that this work activity suggested that Plaintiff's impairments may not be as debilitating as alleged.  *Id*. at 25; *see* 20 C.F.R. § 404.1571 ("Even if the work [claimants] have done was not substantial gainful activity, it may show that [claimants] are able to do more work than [claimants] actually did.").

Second, the ALJ determined that Plaintiff had two severe physical impairments, disorders of the neck and back as well as osteoporosis, that significantly limited the employment opportunities available to her.  *Id*.  Plaintiff's disorders of the neck and back included spinal stenosis, lumbar disc displacement, and degeneration of the lumbar or lumbosacral intervertebral disc.  *Id*.  Third, the ALJ found that Plaintiff's impairments did not meet or equal the severity of one of the listed impairments in 20 C.F.R Part 404, Subpart P, Appendix 1.  *Id*. at 27.  The ALJ considered listing 1.04, which concerns disorders of the spine, and concluded

that Plaintiff did not have nerve root compression, spinal arachnoiditis, or an inability to ambulate effectively as required in order to meet the listing. *Id.*

Fourth, the ALJ determined that, while Plaintiff was unable to return to past relevant work, Plaintiff had the residual functional capacity to lift, carry, push, or pull twenty pounds occasionally and ten pounds frequently; to stand or walk six hours in an eight-hour workday; and to sit for six hours in an eight-hour workday. *Id.* at 28, 31. The ALJ stated that he "gave great weight" to the opinions of two State agency medical consultants that were consistent with Plaintiff's reported activities of daily living and with the medical evidence and opinions of Plaintiff's two treating physicians. *Id.* at 31. The ALJ also gave weight to the opinion of Plaintiff's physician that she was physically able to perform her job. *Id.* at 31, 231.

In determining Plaintiff's residual functional capacity, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms. *Id.* at 28. However, the ALJ noted that it was necessary to make a finding regarding Plaintiff's credibility "whenever statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence." *Id.*

The ALJ found that Plaintiff's claims regarding her symptoms were inconsistent with the objective medical evidence as well as with statements Plaintiff made to her treating physician and to an outpatient clinic in 2013 and 2014. *Id.* at 29. Additionally, Plaintiff worked for three months in 2013 and consistently indicated that she was seeking employment throughout the period she was

6

allegedly disabled. *Id*. at 30. Plaintiff continued to smoke despite her physician's warnings that smoking could decrease the chance of a good outcome after her back surgery. *Id*. Plaintiff frequently engaged in a variety of activities of daily living, including fishing, gardening, shopping, and throwing darts, which suggested that the severity of her back pain was not as great as claimed. *Id*. The ALJ concluded that Plaintiff's claims regarding the intensity, persistence, and limitations resulting from her symptoms were "not entirely credible." *Id*. at 29-30.

Finally, the ALJ determined that, given her residual functional capacity, age, education, and work experience, Plaintiff was able to perform light, unskilled positions such as bench assembler, rental clerk, or counter attendant that exist in significant numbers in the national economy. *Id*. at 33. Accordingly, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act from the alleged onset date of September 12, 2012, through September 26, 2014, the date of the decision. *Id*.

D.   The Magistrate Judge's Report and Recommendation [13]

On October 25, 2016, the Magistrate Judge entered his Report and Recommendation [13] that the Commissioner's decision to deny Plaintiff disability benefits should be affirmed because it was supported by substantial evidence and applied the correct legal standards. The Magistrate Judge found that the ALJ provided a thorough discussion of the substantial evidence supporting his determination that Plaintiff is not disabled, including the medical records from Plaintiff's treating physicians. Report and Recommendation [13] at 8-9. The

Magistrate Judge noted that Plaintiff failed to point to any medical opinion in the record expressly stating that Plaintiff's impairments rendered her unable to engage in substantial gainful activity. *Id.* at 10.

The Magistrate Judge also determined that the ALJ did not violate 20 C.F.R. § 404.1529(b) by refraining from exercising his discretion to order a consultative examination to establish Plaintiff's functional limitations and to measure Plaintiff's capacity after back surgery. *Id.* at 11. Because the record contained sufficient evidence for the ALJ to reach a disability determination, additional consultative examinations were not necessary to enable the ALJ to make a decision. *Id.*

E.    Plaintiff's Objection [15]

Plaintiff objects to the Magistrate Judge's conclusion that the ALJ's determination that Plaintiff is not disabled was supported by substantial evidence. Obj. [15] at 1. Plaintiff specifically objects to the ALJ's reliance on her treating physician's opinion in April 2013 that she was physically able to perform her job. Obj. [15] at 2-3; R. [10] at 31. Plaintiff contends that the ALJ failed to consider the evidence showing that Plaintiff continued to complain of severe pain in 2013 and 2014, following the lumbar fusion surgery. Obj. [15] at 1-2. Plaintiff argues that, in light of her persistent symptoms, her treating physician's opinion that she could work was "entitled to very little weight." *Id.* at 3.

The record reveals that the ALJ did not rely solely on the April 2013 opinion of Plaintiff's physician to determine Plaintiff's residual functional capacity. The

ALJ considered the entire record, including the medical opinions of two State agency consultants, Plaintiff's medical records, the opinions of Plaintiff's two treating physicians, Plaintiff's work history, and Plaintiff's own testimony concerning her symptoms and activities of daily living.  R. [10] at 28-31.  The Court cannot conclude that the ALJ's determination was unsupported by substantial evidence; therefore, Plaintiff's Objection [15] will be overruled, and the Magistrate Judge's Report and Recommendation [13] will be adopted as the opinion of this Court.  *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000).

## III. CONCLUSION

As required by 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of the record and those matters raised in Plaintiff's Objection [15].  For the reasons set forth above, the Court concludes that Plaintiff's Objection [15] should be overruled.  To the extent Plaintiff did not object to portions of the Magistrate Judge's Report and Recommendation [13], the Court finds that those portions are neither clearly erroneous nor contrary to law.  *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Objection [15] filed by Plaintiff Cecelia Wilkinson is **OVERRULED**, and the Report and Recommendation [13] of Magistrate Judge Michael T. Parker is adopted in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the decision of the Commissioner is **AFFIRMED**.  A separate judgment will be entered in accordance with this Order as required by Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 5th day of January, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE